## Blair v. Borough of Pottstown

*E. F. Wismer*, for plaintiff.
*Carroll L. Rutter*, for defendant.

DANNEHOWER, J., February 23, 1935.—On the trial of this case, the jury rendered a verdict in favor of the plaintiff for $305.83. The defendant municipality moves for a new trial, alleging the verdict was against the law, the evidence and the weight of the evidence. At the oral argument on this motion the defendant relied upon the reason that the verdict was contrary to the weight of the evidence.

This is an action in trespass to recover damages for personal injuries and property damage to an automobile, sustained when plaintiff's automobile, operated by her husband and in which she was a passenger, overturned due to the alleged icy, unsafe and defective condition of a public street maintained by the defendant borough.

The evidence discloses that on November 14, 1932, at about 8 a. m., the plaintiff wife and her child were passengers in her Pontiac automobile, operated by her husband. This car was proceeding in a westerly direction on the right or north side of High Street, between Eden and Montgomery Avenues, in the Borough of Pottstown, Montgomery County, Pa. High Street is the main street, 80 feet in width, and at this point a trolley switch, consisting of east and west bound tracks, occupies approximately the centre of this improved highway. As this car was proceeding at a speed of 15 to 20 miles per hour, on its right-hand side of the roadway, and was about to pass another automobile going in the opposite direction on the south side of said street, the husband, operator, observed that the north half of the street was covered by what looked like water. When the automobile, in which plaintiff was a passenger, entered this wet area, the rear skidded to the left because there was a sheet of ice under the water. The operator endeavored to correct the skid, and as a result the car was upset when its tires struck the north car rails. The plaintiff was injured and her automobile badly damaged.

The plaintiff produced numerous witnesses and it was admitted by the defendant that this wet and icy condition at certain seasons in each year had existed for a period of at least 5 years prior to this accident. The plaintiff therefore contended that the defendant municipality was negligent in permitting this unsafe condition to remain for a period of 5 years, and that by the exercise of reasonable care it could have provided suitable drains and sewers to carry away the water.

The defendant contended that it had done everything humanly possible, within its power and means, to remedy this condition. Several engineers testified that a spring existed on the grounds of the Hill School, located on the high ground on the north side of High Street at this point; that drains had been constructed from the spring

and beneath the sidewalk; that the street had been torn up, a French tile drain constructed, the brick pavement relaid and bituminous material placed over the paving, on several occasions prior to this accident, in order to correct this condition. Notwithstanding, the water continued to collect and seep through the street paving at certain times during each year. The borough further contended that on account of the extreme costliness of remedying this unusual condition, it had done the best it could with the means it had, to make the highway reasonably safe for the traveling public.

After hearing oral argument of counsel and reviewing the entire record, we are not convinced that the verdict was against the law, the evidence, or the weight of the evidence, because there was sufficient credible testimony upon which to base a verdict for the plaintiff. The question of the defendant's duty and responsibility to maintain its streets and sidewalks in a reasonably safe condition, and plaintiff's duty as a passenger, were submitted to the jury in a charge, to which no exceptions were taken, and we see no reason for disturbing the verdict which, in our opinion, is sustained by the law and the evidence. It was a question of fact for the jury.

And now, February 23, 1935, defendant's motion for a new trial is hereby overruled and refused.

From Aaron S. Swartz, Jr., Norristown.